**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
DERRICK ALLEN,                )
                              )
            Plaintiff,        )
                              )
                              )           1:19cv766
         v.                   )
                              )
JENNIFER ELWELL, et al.,      )
                              )
            Defendants.       )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, pursuit of monetary relief against immune defendants, and/or as frivolous due to untimeliness.

**LEGAL STANDARD**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th

Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256–57 (some internal quotation marks omitted). As concerns this case, an action fails as frivolous when "it appear[s] on the face of the complaint . . . that the applicable statute of limitations bars [the plaintiff's

-2-

claims] . . . ." Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983); see also Nasim, 64 F.3d at 955 (holding that courts may anticipate defenses when conducting IFP review), 956 ("[T]he [district] court found that [the plaintiff's claim] was barred by the applicable . . . statute of limitations.  In these circumstances, the district court did not abuse its discretion in concluding that the action was frivolous . . . .").

As to the second ground, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

-3-

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize government entities and/or government personnel from liability for damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing eleventh-amendment immunity of states and state officials); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

severely limit the damage remedy" (internal quotation marks omitted)).

## **BACKGROUND**

Asserting claims under "42 U.S.C. § 1983" for "subject[ion] to cruel and unusual punishment which violates [the] 8th [A]mendment" (Docket Entry 2 at 5), and for violation of his rights under the "5th, 6th, [and] 14th (section one) [A]mendment[s]" (id.), Plaintiff initiated this action against ten defendants: (1) "Jennifer Elwell" ("Defendant Elwell"); (2) "Mark Nelson" ("Defendant Nelson"); (3) "Grant Gilliam ("Defendant Gilliam"); (4) "Cerelyn Davis" ("Defendant Davis"); (5) "Durham Police Department;" (6) "City [o]f Durham;" (7) "Freda Black" ("ADA Black"); (8) "Tracey Cline" ("DA Cline"); (9) Durham County [D]istrict Attorney['s] Office" (the "Durham County DA's Office"); and (10) "NC State B[ureau] of Investigation[]" (the "NCSBI"). (Id. at 1-4.) The Complaint states the following as the basis for asserting claims under Section 1983:

> SBI lab[or]atory [t]echicians wrote reports in a misleading manner to benefit Durham County [p]rosecutors, and did not explicitly or clearly communicate results to defense.
> Durham Police [D]epartment lodged [c]harge(s) [s]uch as Statutory Sexual Offense, First [D]egree Murder[,] and Felony Child [A]buse when the evidence was not sufficient to lodge those charges which conduced [sic] [Plaintiff] to being categorize[d] as a child murder [sic] and rapist.
> [ADA] Black and [DA] Cline were the Distr[ic]t Attorney and/or Assistant [D]istrict [A]ttorney who prosecuted the case and [sought] capital punishment ([t]he [d]eath [p]enalty) against [Plaintiff] when the evidence was not

-5-

sufficient to warrant a death sentence.  Durham County
[DA's O]ffice employed both [ADA] Black and [DA] Cline.

(Id. at 5 (parentheses in original).)

The Complaint's "Statement of Claim" alleges the following:

[Plaintiff] was wrongfully imprisoned for crimes [he] did
not commit, [c]harges were lodged against [him] and the
government did not have the evidence or suspicion to
ch[a]rge and prosecute but instead attempted to cover up
the blunder at [Plaintiff's] expense. [Plaintiff] was
wrongfully incarcerated for crimes [he] did not commit.

(Id. at 6.)  The Complaint also states that Plaintiff sustained injuries as a result of being "wrongfully charged with [o]ffenses [he] did not commit[], and [was] imprisoned for a duration of 12 years and 7 months," as well as that "due to the stigma that has been attached to [Plaintiff's] name[, he] ha[s] been subject[ed] to hardship which is rife with misperception [sic], deceit and neglect" (id.).  As a result, the Complaint requests "compensat[ion] for [] mental anguish and punitive damages in the amount of $3,000,000.00."  (Id. at 7.)  Finally, the Complaint appends a complaint filed in the Superior Court Division of Durham County on March 10, 2014 (see id. at 9), which alleges similar claims against Defendant Elwell, Defendant Nelson, Defendant Gilliam, Durham Police Department, the City of Durham, and ADA Black (see id. at 9-49).

**DISCUSSION**

**I. The Durham Police Department**

As an initial matter, the Durham Police Department does not qualify as a proper defendant under 42 U.S.C. § 1983. To state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).[2] "In North Carolina, a municipal agency is not an entity that may be sued. Furthermore, under North Carolina law, a police department is not an independent legal entity with the capacity to sue and be sued." Baker v. Durham Cty. S.W.A.T. Team, No. 1:14CV878, 2016 WL 2621972, at *4 (M.D.N.C. May 5, 2016) (unpublished) (internal citations and bracket omitted), recommendation adopted, Baker v. Durham S.E.T., No. 1:14CV878, 2016 WL 3747615, at *1 (M.D.N.C. July 11, 2016)

---

[2] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

(unpublished) (Osteen, C.J.). Because "the Durham Police Department . . . lacks the capacity to be sued," Baker, 2016 WL 2621972 at *4, all claims asserted against it should be dismissed.

## II. The City of Durham and Official Capacity Claims against Defendants Davis and Gilliam

Next, the Complaint seeks damages from the City of Durham based on the premise that it controls the operations of the Durham Police Department, where Defendants Davis and Gilliam work. (See Docket Entry 2 at 11.) However, "a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under [Section] 1983 on a *respondeat superior* theory." Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original). "Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)). "Because [S]ection 1983 was not designed to impose municipal liability under the doctrine of respondeat superior, the 'official policy' requirement was 'intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby to make clear that municipal liability is limited to action for which the municipality is actually responsible.'" Riddick v. School Bd. of Portsmouth, 238 F.3d 518,

523 (4th Cir. 2000) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986)).

"To state a cause of action against a municipality, a section 1983 plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 530 (M.D.N.C. 2008). The Complaint fails to assert factual information which would satisfy any of these requirements (see Docket Entry 2 at 1-49), and therefore, all claims asserted against the City of Durham should be dismissed.

Any official capacity claims against Defendants Davis and Gilliam similarly fail as a matter of law, given that the Complaint alleges no facts showing that they violated Plaintiff's rights pursuant to a policy or custom of the City of Durham (Docket Entry 2 at 1-49), a requirement to establish such liability under Section 1983. See Monell, 436 U.S. at 694 (setting standard for municipal liability); Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006) (explaining that official capacity claims constitute claims against governmental entity employing that official). As such, the Court should dismiss all official capacity damages claims against Defendant Davis and Defendant Gilliam.

**III. The Durham County DA's Office, the NCSBI, and Official Capacity Claims against Defendant Elwell, Defendant Nelson, ADA Black, and DA Cline**

The Durham County DA's Office and the NCSBI do not qualify as "persons" amenable to suit under Section 1983. As "Congress did not exercise its power to abrogate a state's Eleventh Amendment immunity when it enacted [Section] 1983," Coffin v. South Carolina Dep't of Soc. Servs., 562 F. Supp. 579, 585 (D.S.C. 1983), "a State is not a person within the meaning of § 1983," Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). The same conclusion applies "to States or governmental entities that are considered arms of the State for Eleventh Amendment purposes." Id. at 70.

Both the Durham County DA's Office and the NCSBI constitute arms of the State of North Carolina, see N.C. Gen. Stat. §§ 7A-60 ("The State shall be divided into prosecutorial districts . . . . There shall be a district attorney for each prosecutorial district . . . ."), 7A-61 (empowering district attorneys to "prosecute in a timely manner in the name of the State all criminal actions"), 7A-63 (providing for assistant district attorneys to aid district attorneys), 7A-65 (establishing compensation for district attorneys and assistant district attorneys); Green v. North Carolina State Bureau of Investigation Crime Lab, No. 3:11cv69, 2011 WL 4074613, at *2 (W.D.N.C. Sept. 13, 2011) (unpublished) ("[T]he [NC]SBI is not a 'person' under [Section] 1983." . . . For Eleventh Amendment purposes, the [NC]SBI is considered an arm of

-10-

the State of North Carolina.") (citing Will, 491 U.S. at 70, 71). Therefore, all claims asserted against the Durham County DA's Office and the NCSBI should be dismissed.

The Complaint also purports to assert official capacity claims against Defendant Elwell, Defendant Nelson, ADA Black, and DA Cline. (See Docket Entry 2 at 2-3.) Those claims fail for the same reason that claims fail against the Durham County DA's Office and the NCSBI. Although "state officials literally are persons [, ] a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 71. "Because a state is not a 'person' under [Section] 1983, it follows that state officials acting in their official capacities cannot be sued for damages under the statute." Wells v. Northam, No. 3:18CV00040, 2018 WL 2978026, at *2 (W.D. Va. June 13, 2018) (unpublished) (citing Will, 491 U.S. at 71). The Complaint identifies (i) Defendant Elwell as an "S[B]I [L]aboratory Technician," (ii) Defendant Nelson as an "SBI Lab [T]echnician," and both (iii) ADA Black and (iv) DA Cline as employees of the "Durham Co. District Attorney['s] Office." (Docket Entry 2 at 2-4). Accordingly, Defendant Elwell, Defendant Nelson, ADA Black, and DA Cline qualify as state officials and, as such, no claim lies against them under Section 1983 for damages in their official capacities.

## IV. Individual Capacity Claims

The Complaint fails to allege any non-conclusory allegations again Defendant Davis and/or DA Cline and appears to base their liability solely upon the theory of respondeat superior. (See Docket Entry 2 at 1-49.) However, theories of respondeat superior or liability predicated solely on a defendant's identity as a supervisor do not exist under Section 1983. See Iqbal, 556 U.S. at 677. "Instead, a successful individual capacity claim must allege that the defendant was personally involved in the deprivation of [Plaintiff]'s rights." Bunting v. Cooper, Civ. Action No. 5:17-CT-3098, 2017 WL 5639948, at *3 (E.D.N.C. May 23, 2017) (unpublished) (internal quotation marks and citation omitted) (citing Iqbal, 556 U.S. at 676, and Monell, 436 U.S. at 691-92). The Complaint lacks any such allegations against Defendant Davis and/or DA Cline.

Further, the Complaint seeks damages from state court prosecutors and fails to offer any factual allegations that would suggest that either DA Cline or ADA Black acted outside of the judicial phase of the criminal prosecution. (See Docket Entry 2 at 1-49.) The Supreme Court has held that "absolute immunity appl[ies] with full force" to a prosecutor's activities that remain "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Polidi v. Bannon, 226 F. Supp. 3d 615, 620 (E.D. Va. Dec. 28, 2016)

("Prosecutors are absolutely immune from suits for money damages for conduct in or connected with judicial proceedings.").

In sum, no aspect of the Complaint's Section 1983 claim(s) against Defendant Davis, DA Cline, or ADA Black may proceed.

**V. Statute of Limitations**

As a final matter, the Complaint's claims obviously fail due to Plaintiff's failure to allege them within the applicable statute of limitations period. "The statute of limitations for all [Section] 1983 claims is borrowed from the applicable state's statue of limitations for personal-injury actions . . . ." Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). "[Section] 1983 claims arising in North Carolina are limited by the three-year period for personal injury actions set forth in [N.C. Gen. Stat.] § 1-52(5)." Id. at 67. "The limitations period for a [Section] 1983 claim begins to run when the plaintiff has a complete and present cause of action - in other words, when it could have filed suit and obtained relief." Id. (internal quotation marks omitted). "Where, however, the action is one for 'damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the action is not cognizable until the conviction or sentence has been rendered invalid." Taylor v. Deaver, No. 5:11CV341, 2012 WL

12905868, at *6 (E.D.N.C. Sept. 28, 2012) (unpublished) (quoting Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).

Here, the Complaint bases its Section 1983 claims upon "[c]harges [which] were lodged against [Plaintiff of which] the government did not have the evidence . . . to ch[a]rge and prosecute," resulting in Plaintiff's "wrongful[] incarcerat[ion] for crimes [that he] did not commit." (Docket Entry 2 at 6.) In that regard, the Complaint alleges that "[Plaintiff] was charged with [the crimes on] 02/09/1998," and, further, that Plaintiff was "imprisoned for the duration of 12 years and 7 months." (Id.) In the attached state court complaint, Plaintiff asserts that, "[o]n August 26, 1999, [his a]lford plea was accepted and he was sentenced . . . ." (Id. at 10.) Liberally construed, the Complaint asserts that, upon his release from prison, Plaintiff's "conviction or sentence [was] rendered invalid," Taylor, 2012 WL 12905868, at *6, and thus Plaintiff's causes of action accrued in March 2012, after which the limitations period would have run, unimpeded, until it expired in March 2015. Therefore, Plaintiff filed this action well outside of the limitation period and his claims obviously fail on that ground as well.

## **CONCLUSION**

The Durham Police Department, the Durham County DA's Office, and the NCSBI do not qualify as a proper defendants under Section 1983, the Complaint does not allege that a policy or custom of the

-14-

City of Durham caused any constitutional deprivation by Defendant Davis and Defendant Gilliam, Plaintiff's claims against Defendant Elwell, Defendant Nelson, DA Cline, and ADA Black in their official capacities constitute claims against the State, not a "person" as required under Section 1983, the Complaint lacks non-conclusory allegations against Defendant Davis and DA Cline, ADA Black and/or DA Cline possess prosecutorial immunity, and Plaintiff obviously failed to allege his claims within the applicable statute of limitations period.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed under Section 1915(e)(2)(B) for failing to state a claim, seeking monetary relief from immune defendants, and/or frivolously bringing claims obviously barred by the statute of limitations.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 30, 2019