| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF DURHAM | 14 CVS 2248 |

DERRICK ALLEN, )
      )
    Plaintiff, )
      )
v. )
      )     ORDER
JENNIFER ELWELL, in her individual )
and official capacities, MARK NELSON, )
in his individual capacity, GRANT )
GILLIAM, in his individual and )
official capacities, DURHAM POLICE )
DEPARTMENT, CITY OF DURHAM, )
and FREDA BLACK, in her individual )
capacity, )
      )
    Defendants. )
      )



DURHAM COUNTY FILED JUL 24 2014 AT 2:44 O'CLOCK P.M. BY CLERK OF SUPERIOR COURT

THIS MATTER came on for hearing before the undersigned Superior Court Judge presiding on July 15, 2014 in Durham County Civil Superior Court, upon the Plaintiff's Motion to Hold Proceedings in Abeyance and Motions to Dismiss filed by each of the named Defendants in the above referenced matter. At hearing, Assistant Attorney General J. Joy Strickland appeared on behalf of Defendant Elwell, Special Deputy Attorney General Angel Gray appeared on behalf of Defendant Nelson, Special Deputy Attorney General David J. Adinolfi II appeared on behalf of Defendant Black, and Kimberly M. Rehberg, Senior Assistant Durham City Attorney, appeared on behalf of Defendants Gilliam, Durham Police Department and the City of Durham. The Plaintiff represented himself. The Court, after hearing from Plaintiff and counsel for Defendants, finds the following:

1.     On March 10, 2014, Plaintiff filed a complaint naming the above Defendants and asserted claims against Defendants Elwell, Nelson, Gilliam and Black (hereinafter referred to as

the "Individual defendants") in both their individual and official capacities. This matter was docketed as 14 CVS 2248.

2. In April, 2014, all Individual Defendants filed similar Motions to Dismiss. Each Motion to Dismiss moved to have the Plaintiff's action dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted, pursuant to 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the North Carolina Rules of Civil Procedure. Defendants Elwell, Nelson and Black also moved to dismiss for improper venue. Defendant Nelson additionally moved to have the above entitled action dismissed for insufficiency of service of process pursuant to 12(b)(5) of the North Carolina Rules of Civil Procedure. Defendant Durham Police Department filed a Motion to Dismiss on the basis that it lacked the capacity to be sued.

3. On June 6, 2014, Plaintiff filed a Motion to Hold Proceedings in Abeyance. In his motion, Plaintiff requested the Court to stay all proceedings in this matter pending the final resolution of the related pending matter of *State of North Carolina v. Derrick Allen*.

4. Having reviewed the Plaintiff's complaint in the light most favorable to the Plaintiff; Plaintiff's Motion to Hold Proceedings in Abeyance; the Defendants' Motions to Dismiss; Memoranda of Law submitted by the parties; and, statements and arguments from both Plaintiff and Defendants, this court finds and concludes that the Plaintiff's Motion to Hold Proceedings in Abeyance should be denied and Plaintiff's complaint should be dismissed as to all Defendants for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted.

**NOW, THEREFORE**, in accordance with the foregoing findings and conclusions, it is hereby ordered that the Plaintiff's complaint, filed on March 10, 2014 and designated 14 CVS

2248, should be and is hereby dismissed with prejudice as to all Defendants for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted pursuant to 12(b)(1), 12(b)(2) and 12(b)(6) of the North Carolina Rules of Civil Procedure.

This 24th day of July, 2014.

Orlando F. Hudson, Jr.
Superior Court Judge Presiding